IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL SOLOMON, | : |
| | :    1:12-cv-0694 |
|     Plaintiff, | : |
| | :    Hon. John E. Jones III |
| v. | : |
| | :    Hon. Martin C. Carlson |
| JEROME WALSH, *et. al.*, | : |
| | : |
|     Defendants. | : |

## MEMORANDUM

### September 25, 2012

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc. 21), filed on August 27, 2012, which recommends that Plaintiff Paul Solomon's ("Plaintiff" or "Solomon") complaint be dismissed. No objections to the R&R have been filed by any party.[1] For the reasons set forth below, the Court will adopt the R&R in its entirety.

---

[1] Objections were due by September 10, 2012.

I.   **STANDARD OF REVIEW**

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater*, 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

II.  **PROCEDURAL BACKGROUND**

Plaintiff, proceeding *pro se*, filed the instant action on April 13, 2012. (Doc. 1). Within the complaint, Solomon claims that the laundry department at SCI-Dallas lost several items of his clothing, including underwear, boxers, t-shirts, socks, and a thermal top and bottoms. Solomon alleges that he filed a total of three

grievances regarding his lost laundry. He alleges that he filed the second and third grievances because the Defendants' response to his original grievance was untimely and flawed. Plaintiff further alleges that his second and third grievances were mishandled. Additionally, Solomon claims that he received two "false" misconducts as retaliation for filing the grievances.[2] Based on these factual allegations, Plaintiff complains that the Defendants: (1) violated his federal civil rights, (2) committed "state law torts of willfull misconduct pursuant to 42 Pa.C.S.A. § 8850-8850"; and (3) violated Article 1 §§ 10, 11, 12, 13, and 26 of the Pennsylvania Constitution. (Doc. 1).

Upon the filing of this action, Solomon received a copy of this Court's Standing Practice Order ("SPO"). (Doc. 4). As Magistrate Judge Carlson explained, the SPO notified Solomon of his responsibility to reply to defense motions, and warned him in clear and precise terms of the consequences that would follow a failure to comply with briefing schedules on motions. In pertinent part, the SPO reads as follows:

> If the party opposing the motion does not file his or her brief and any evidentiary material within the 14-day time frame, Local Rule 7.6 provides that he or she shall be deemed not to oppose the moving party's

---

[2] Magistrate Judge Carlson notes in his R&R that one of the "false" misconducts resulted in Solomon entering a thirty-day period of disciplinary custody. Thus, Magistrate Judge Carlson correctly concluded that, as a matter of law, the misconduct could not be considered improperly implemented because it resulted in disciplinary action against Solomon. (Doc. 21).

motion. The motion may therefore be granted if: (1) the court finds it meritorious; or (2) the opposing party fails to comply with Local Rule 7.6 despite being ordered to do so by the court.

(Doc. 4, p. 2).

On July 16, 2012, the Defendants filed a motion to dismiss this complaint. (Doc. 18). The Court received the Defendants' brief in support of the motion to dismiss on July 31, 2012, and set forth a briefing schedule for this motion which advised Solomon that he had until August 14, 2012 to respond to the motion. Plaintiff failed to file any response or to further litigate this matter in any way.

### III. DISCUSSION

Within the R&R, Magistrate Judge Carlson thoroughly reviewed the claims set forth by Plaintiff in light of the Ddefendants' motion to dismiss. The Magistrate Judge initially noted that, by local rule, the motion should be deemed unopposed and granted because of Solomon's inaction. Nonetheless, Magistrate Judge Carlson proceeded with a detailed analysis of the merits of each of Plaintiff's claims. Notably, Plaintiff has failed to file any objections to the Magistrate Judge's R&R, indicating a continued unwillingness to further prosecute this case.

As we have already mentioned, neither party has filed objections to Magistrate Judge Carlson's R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in

its entirety.  With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*.  An appropriate Order shall issue.